**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-02095 PAB BNB

BENJAMIN BROWN,

       Plaintiff,

v.

SILVERMAN LAW FIRM P.C.  and
DATA SEARCH N.Y. INC. d/b/a TRAKAMERICA

       Defendant.

_____

**FIRST AMENDED COMPLAINT AND JURY DEMAND**
_____

       Comes now Plaintiff Benjamin Brown and for his causes of action against the

defendants states:

**Parties and Jurisdiction**

       1.      That one count of this complaint arises under 15 U.S.C. Section 1692 (the

Fair Debt Collection Practices Act) and the court has jurisdiction over that claim under 15

U.S.C. Section 1692k.  The court further has supplementary jurisdiction of the fraud

claim which is so related to the federal claim in this action that it forms part of the same

case or controversy.  The court thus has jurisdiction also under 28 U.S.C. Section 1361.

**ALLEGATIONS COMMON TO ALL COUNTS**

       1.      That defendants  Silverman Law Firm P.C. (hereinafter "Silverman") and

is a collection law firm that regularly engages in the collection of debts for others.  Data

Search N.Y. Inc. d/b/a Trakamerica (hereinafter "Trakamerica") is a company that

regularly engages in the collection of debts for others.  That since the filing of this case

Plaintiff has negotiated with defendant Silverman and has settled these matters however the settlement has not been fully consummated.

2.      That at all times herein mentioned defendants were acting by and through its agents, servants and employees acting within the course and scope of their employment with defendant.

3.      That the defendants attempted to collect from plaintiff a debt claimed to be owed to its client for a credit card used primarily for personal and household purposes.

4.      That in an attempt to collect the debts defendants sent or caused to be sent correspondence to plaintiff and the defendants therein represented that plaintiff owed the debt however such statement was false as the debt was owed by another Benjamin Brown.

5.      That plaintiff really owed for another credit card in about the same amount.  That plaintiff reasonably relied on defendants' misrepresentations and paid defendants on its claim thinking he was paying on the debt he owed.

6.      That in approximately November of 2008 plaintiff was sued on the credit card he really owed.  That thereafter plaintiff called both defendants a number of times regarding the likelihood that double payment was being demanded.  During such contacts defendants confirmed that there was a mistake and his money would be refunded either by defendants or their common client.  Plaintiff reasonably relied on defendants and waited months but received no refund.  Finally plaintiff contacted counsel, retained him and filed this case.

8.      That because of the misleading character of the false statements to the effect that that plaintiff owed the debt to defendant's client made prior to his learning the

true facts by way of the subsequent lawsuit to collect his true debt, plaintiff could not have been aware of his claim, having been actually deceived, until within the last year. Further defendant's continued representations that his money would be refunded reasonably induced plaintiff to further withhold filing suit, thus all of his claims are timely brought under equitable tolling and/or the discover rule.

### First Claim for Relief, Fair Debt Collection Practices Act

Comes now Plaintiff Benjamin Brown and for his cause of action under count I states:

1.      That defendants are debt collectors and regularly collects debts for others owed for personal and household use.

2.      That defendants' false statements that he owed the debt to begin with and later that his money would be refunded constituted false or misleading representations in connection with the collection of a debt under 15 U.S.C. Section 1692e.

3.      The aforesaid false statements as well as defendants' continued false assurances that plaintiff would get his money back also constituted unfair practices under 15 U.S.C. Section 1692f.

4.      That the defendants engaged in unlawful third party contact violation of 15 USC Sec. 1692(c)(b) in that it contacted plaintiff for another consumer's debt claiming he owed it.

5.      That as a result of such conduct, plaintiff paid the sum of $1,774.91 for a debt he did not owe (which since the filing of this action has been refunded from the funds of the Defendants' mutual client), caused plaintiff to undergo cash flow problems and caused him to have to defend the other suit rather than just settle it, and he has

suffered severe emotional distress which was significant and constituted a real injury.

Further plaintiff has incurred and is incurring legal fees in bringing this action.

WHEREFORE: Plaintiff prays judgment against the defendant in such sum as is reasonable, additional damages under 15 U.S.C. Section 1692k(a)(2)(A), plus attorney's fees under 15 U.S.C. Section 1692k(a)(3), plus interest on his judgment and his costs.

## Second Claim for Relief, Common Law Fraud

Comes now Plaintiff and for his cause of action under count II states:

1.    That the defendants in representing that plaintiff owed the debt made the representation knowing there were a number of other persons by the same name who could have owed the debt and did not know whether this plaintiff owed the debt but misrepresented to plaintiff that he owed it.

2.    That based upon the false representations plaintiff sent defendants and defendants accepted $1,774.91 for the debt he did not owe (which has, since the filing of this lawsuit, been refunded).

3.    That plaintiff's reliance upon the misrepresentations in sending the money was reasonable.

4.    That in addition, plaintiff, based upon the representations, and his learning them to be false, caused plaintiff to undergo cash flow problems and caused him to have to spend time defending the other suit rather than just settle it. Further he suffered severe emotional distress.

5.    That the defendant's conduct was willful, wanton and malicious.

WHEREFORE: Plaintiff each prays judgment against the defendants in such sum as is reasonable together with punitive damages as are just and reasonable, plus interest

on his judgment and his costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 3rd day of  Decembert, 2009.

/s/ Blair Drazic_____
Blair K. Drazic
591 25 Road, Suite A-4
Grand Junction, CO 81505
Phone 314-989-0071
Fax 314-667-4207
E-mail: blairdrazic@aol.com

Plaintiff's address is:
5759 S. Bemis Rd.
Littleton, CO 80120